UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:14-CR-287 |
| § | |
| ROBERT EARL CARTER § | |
| § | |

**MEMORANDUM AND OPINION**

Pending before the Court are Defendant's Motion to Delay Entry of Judgment (Doc. No. 51)[1] and Motion for a New Trial (Sentencing Hearing) (Doc. No. 55). After considering the parties' arguments, the applicable law, and the record in this case, the Court finds that Defendant's Motions must be **DENIED**.

### I. BACKGROUND

The Defendant in this criminal action, Robert Earl Carter, pled guilty to one count of making a false statement on an income tax return, in violation of 26 U.S.C. § 7206(1). The maximum penalty for this offense is three years imprisonment and a fine of $100,000. 26 U.S.C. § 7206. On January 13, 2015, after a lengthy hearing, Mr. Carter was sentenced to three years imprisonment, one year of supervised release, and a fine of $75,000. Two days later, Mr. Carter filed an opposed Motion to Delay Entry of Judgment (Doc. No. 51). On January 23, 2015, Mr. Carted filed an opposed Motion for a New Sentencing Hearing (Doc. No. 55).

Mr. Carter's Motion to Delay Entry of Judgment asks the Court to delay the entry of its judgment to give Mr. Carter time to provide evidence that was unavailable at the time of sentencing. Mr. Carter's Motion for a New Sentencing Hearing clarifies the origin of certain evidence that was presented at his sentencing and offers additional evidence that was not

---

[1] All docket references are to 4:14-CR-287.

1

previously introduced. Mr. Carter asks this Court to grant his request for a new sentencing hearing and consider the newly provided evidence. The Government contends that Federal Rule of Criminal Procedure 35 deprives this Court of jurisdiction to modify Mr. Carter's sentence. The Government further argues that Mr. Carter has failed to demonstrate that his sentence was the result of an arithmetical, technical, or other clear error, as required by Rule 35. Mr. Carter responds that his Motion is properly characterized as a motion for a new trial under Federal Rule of Criminal Procedure 33. As such, the strictures of Rule 35 do not apply.

**II.     RULE 35: CORRECTING OR REDUCING A SENTENCE**

A district court's authority to modify a sentence is circumscribed. *Dillon v. U.S.*, 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.") (internal citation and quotation marks omitted). A trial judge lacks the authority to correct a sentencing error unless Congress has provided otherwise. *U.S. v. Murray*, 700 F.3d 241, 243 (5th Cir. 2012). Pursuant to 18 U.S.C. § 3582, a court may not modify a term of imprisonment once it has been imposed except that,

> (1) in any case—
>> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>> (i)     extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii)    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger

>> to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Neither § 3582(c)(1)(A) (permitting modification on motion by the Director of the Bureau of Prisons) nor § 3582(c)(2) (permitting modification where the sentencing guideline range has been subsequently lowered) is implicated here. Moreover, Mr. Carter does not identify any statutory basis for resentencing. Accordingly, the only relevant subsection of § 3582(c) is the district court's authority to act pursuant to Federal Rule of Criminal Procedure 35. Any power this Court has to resentence Mr. Carter must be found, if at all, in Rule 35.[2]

Federal Rule of Criminal Procedure 35 states, in relevant part,

> (a) Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

---

[2] The Court recognizes that 28 U.S.C. § 2255 allows a prisoner in custody to move to vacate, set aside, or correct a sentence. But, relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would, if condoned, result in a complete miscarriage of justice. *U.S. v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Mr. Carter has not identified any such transgression or injury, and has not given the Court any reason to construe his Motion for a New Sentencing Hearing as a § 2255 motion. *Cf. U.S. v. Hanyard*, 762 F.2d 1226, 1230 n.1 (5th Cir. 1985) ("Although under some circumstances a Rule 35 motion to reduce sentence may be construed as a 28 U.S.C. § 2255 motion to vacate a sentence, where the movant makes no such claims and seeks no such interpretation, the court need not so construe the motion. . . . Appellant has not requested that his sentence be withdrawn or overturned but has merely asked for an adjustment of his sentence.").

Fed. R. Crim. P. 35(a).[3] Sentencing is defined as "the oral announcement of the sentence." Fed. R. Crim. P. 35(c).

A.  Rule 35(a): Jurisdictional Limit

Rule 35's time limit is jurisdictional and strictly construed. *U.S. v. Jones*, 482 F. App'x, 956, 956 (5th Cir. 2012) (per curiam) (citing *U.S. v. Lopez*, 26 F.3d 512, 518-23 (5th Cir. 1994) (interpreting earlier version of Rule 35)); *see also U.S. v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997) (concluding that the district court lacked jurisdiction to resentence defendant because modification occurred approximately 50 days after the imposition of the initial sentence); *U.S. v. Lawrence*, No. 4:03-0436-1, 2014 WL 7151362, *3 (S.D. Tex. Dec. 12, 2014) (denying defendant's motion for lack of jurisdiction under Rule 35); *U.S. v. Phillip*, No. 3:11-CR-361-L, 2013 WL 55654, *6 (N.D. Tex. Jan. 4, 2013) (same). Any sentencing correction must be made within fourteen days of the oral pronouncement of a defendant's sentence. A district court is prohibited from extending this time limit to take any action under Rule 35, except as permitted by that Rule. Fed. R. Crim. P. 45(b)(2).

Per Federal Rule of Criminal Procedure 45, which governs the computation of time, the fourteen-day period for modifying Mr. Carter's sentence ended on January 27, 2015. Since this date has passed, this Court no longer has jurisdiction to resentence Mr. Carter under Rule 35. *See Jones*, 482 F. App'x at 956-7 ("Therefore, under Rule 35(a), the district court had until 7 September 2011 to correct or modify Jones' original sentence; it lacked jurisdiction to re-sentence him on 3 November 2011."). A sentence modification entered after January 27, 2015 would be void.

---

[3] The Rule also provides a basis for reducing a sentence if a defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person. Fed. R. Crim. P. 35(b). This provision is inapplicable here.

Mr. Carter's Motion to Delay Entry of Judgment does not toll this fourteen-day limit. The 2004 amendments to Rule 35 explicitly define sentencing as the oral pronouncement of a defendant's sentence, rejecting the view that the imposition of a sentence occurs at the entry of judgment. Fed. R. Crim. P. 35 advisory committee's note. Thus, when this Court announced Mr. Carter's sentence on January 13, 2015, it triggered the fourteen-day time limit, irrespective of when the judgment was entered.

Similarly, the timeliness of a defendant's motion for a new sentencing hearing is irrelevant to a district court's jurisdiction to resentence. In *U.S. v. Bridges*, the defendant filed a motion to stay entry of judgment and a motion to reconsider the sentence one day after his sentence was announced. 116 F.3d at 1111-12. The district court accepted and entered the motions, and set a hearing for the following month. *Id.* at 1112. At that hearing, the court heard additional evidence on the defendant's mental disorder and future dangerousness and modified the defendant's sentence as a result. *Id.* The Fifth Circuit held that, despite the timely motion, the district court's modification of the defendant's sentence was void for lack of jurisdiction. *Id.* at 1112-13. Here, although Mr. Carter filed his Motion for a New Sentencing Hearing within fourteen days of his sentencing, the Court did not modify his sentence within this window. It therefore lacks the jurisdiction to do so now.

B.  Rule 35(a): Arithmetical, Technical or Other Clear Error

Alternatively, Mr. Carter's Motion must be denied because there was no arithmetical, technical or other clear error in his sentencing. *See* Fed. R. Crim. P. 35(a). The 1991 amendments to Rule 35 make clear that a district court's authority to correct a sentence "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the

trial court for further action." Fed. R. Crim. P. 35 advisory committee's note. This provision is not intended to afford a court the opportunity to "simply change its mind about the appropriateness of the sentence," or to "reopen issues previously resolved at the sentencing hearing." *Id.* Additionally, "the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing." *Id.*

Mr. Carter does not identify any errors that would warrant a sentence modification under Rule 35(a). Instead, he argues that he is entitled to a new sentencing hearing on the basis of new evidence. Mr. Carter believes the evidence presented at his sentencing hearing was misleading, and he seeks to introduce additional information to clarify a number of perceived misconceptions. Chief amongst these misconceptions is whether or not he filed amended tax returns with the IRS in November 2014. At the hearing, the Government noted that the IRS had no record of receiving these returns. Based on this information, it argued that Mr. Carter had never filed them. Mr. Carter swore that he had, but acknowledged that he had no record of doing so. The IRS has since located Mr. Carter's returns, thereby corroborating his testimony.

Mr. Carter also seeks to introduce cancelled checks, art appraisals, and donation forms executed in the 1990s to bolster his claim that he donated, or attempted to donate, approximately $500,000 of African art to Texas Southern University in 2005. Notably, this evidence was in Mr. Carter's exclusive possession prior to the sentencing hearing. The probative value of this information is slight. It establishes only that Mr. Carter or his solely-owned entity had previously purchased, had appraised, and donated art to the university in the 1990s, years before the sizable donation in question. This does little to assuage the Court's many concerns about the veracity of the 2005 donation, which was unsupported by any indicia of ownership.

6

Finally, Mr. Carter wishes to clarify the genesis of a separate set of tax returns identified at the hearing as the "Series B" returns. At the hearing, neither the Government nor Mr. Carter could pinpoint the origin of these returns. Mr. Carter's tax preparer, Mark Trappio, was similarly at a loss. This mystery was particularly confounding because the "Series B" returns were emailed to the Government by Mr. Carter through his counsel. Yet neither the sender nor the recipient could explain why the "Series B" returns differed in font, content, and date from Mr. Carter's other amended returns. Since the hearing, Mr. Carter has determined that the "Series B" returns were prior draft versions of his amended returns, and were sent to him by Mr. Trappio in response to a separate inquiry. Mr. Carter asks this Court to take note that any discrepancies between the "Series B" returns and his final amended returns were merely the result of an innocent miscommunication.

Mr. Carter's desire to explain inconsistencies in the evidence presented at his sentencing hearing is understandable, especially since some of these explanations came to light only after the hearing. Irrespective of the merits of Mr. Carter's argument, however, Rule 35 prohibits this Court from considering his explanations. Rule 35 does not offer a mechanism for reassessing the weight of the evidence presented at sentencing in light of additional information. In fact, this is precisely the type of review the Rule proscribes – and with good reason. Allowing criminal defendants multiple opportunities to present favorable evidence on the issue of sentencing would undermine the principle of finality that animates this Rule.

Further, even if the evidence adduced since the hearing is credited, there is still sufficient evidence to justify Mr. Carter's guideline-range sentence. The new information does not fully restore Mr. Carter's credibility or meaningfully substantiate his 2005 donation of $500,000 of

African art. For the reasons set forth at the sentencing hearing, the Court maintains grave reservations about the legitimacy of that donation.

### III. RULE 33: NEW TRIAL

Mr. Carter attempts to evade Rule 35 by arguing that his Motion for a New Trial (Sentencing Hearing) should be adjudicated under Federal Rule of Criminal Procedure 33. Rule 33 allows a district court to vacate any judgment and grant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a). A motion for a new trial on the basis of newly discovered evidence must be filed within three years of the verdict. Fed. R. Crim. P. 33(b)(1). A motion on any other basis must be filed within fourteen days of the verdict. Fed. R. Crim. P. 33(b)(2). Because Mr. Carter's Motion was filed within ten days of his sentence, he argues that it was timely. He further contends that the newly offered evidence in the Motion entitles him to a new sentencing hearing.

Mr. Carter's Motion cannot be construed as a motion for a new trial. The Fifth Circuit has prohibited the use of Rule 33 to skirt a district court's narrow authority to modify a defendant's sentence. *U.S. v. Bell*, 257 F. App'x 801, 802 (5th Cir. 2007) (per curiam). In *Bell*, the defendant appealed the district court's denial of his motion for a new trial, in which he argued that newly discovered evidence warranted resentencing. *Id.* The Fifth Circuit affirmed the district court, stating,

> "Bell's postjudgment motion challenging his sentence following a guilty plea was not properly characterized as one for new trial. The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b)."

*Id.* (internal citation and quotation marks omitted). Here too, Mr. Carter asserts that newly discovered evidence justifies a different sentence. Because he asks this Court to reconsider his sentence in light of this evidence, his Motion properly falls within the bounds of Rule 35, not

Rule 33. Furthermore, a motion for a new trial is "not available" to defendants who have pled guilty. *U.S. v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (per curiam). Since Mr. Carter pled guilty to the underlying offense, he cannot avail himself of Rule 33.

### IV.    CONCLUSION

Because this Court does not have jurisdiction to modify Mr. Carter's sentence under Federal Rule of Criminal Procedure 35, Mr. Carter's Motion to Delay Entry of Judgment and Motion for a New Sentencing Hearing must be **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 31st day of March, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE